[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12476

Non-Argument Calendar

_____

ELLEN T. THATCHER,

Plaintiff-Appellant,

*versus*

DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-03061-AEP

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Ellen Thatcher, proceeding *pro se*, appeals the district court's order granting summary judgment to her former employer, the Department of Veterans Affairs ("the VA"), on all three counts alleged in her complaint of violations of the Rehabilitation Act.[1]  On appeal, she does not expressly state what legal error she contends the district court made.  Rather, she argues that multiple employees of the VA perjured themselves in their depositions in the district court.  She claims these employees conspired with a VA official to push her out of the VA by making false allegations against her and refusing to accommodate her physical limitations.

The VA, in turn, responds that Thatcher has failed to challenge, on appeal, the merits of the district court's order and thus has waived any challenges to it.  And regardless, it argues, summary judgment was proper.

I

We construe *pro se* litigants' pleadings liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, in civil cases, we generally will not consider an issue not raised in the district court.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Similarly, when

---

[1] Thatcher also attempts to raise a hostile work environment claim "under Title VII" for the first time on appeal.  Because this issue was not raised below, we need not consider such a claim.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

an appellant fails to identify a particular issue in her brief before us or fails sufficiently to argue the merits of her position on an identified issue, she is deemed to have abandoned it. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318-19 (11th Cir. 2012). When a district court rests its decision on multiple, independent grounds, an appellant must show that each stated ground is erroneous. *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

As an initial matter, Thatcher has arguably abandoned any claim of legal error by the district by failing to expressly identify and argue such error before us. Rather than challenge the district court's conclusions concerning her claims of refusal to accommodate, failure to engage in an interactive process, and retaliation, Thatcher alleges that the witnesses on whose testimony the VA relied in its motion for summary judgment perjured themselves, a claim she did not raise below. However, liberally construed, an allegation of perjury is essentially an argument that there is a genuine dispute of fact, because at bottom it is a claim that proffered evidence is false. Read in this light, Thatcher's *pro se* brief implicitly preserves a general challenge to the district court's conclusion that no genuine issue of material fact exists. But, as we explain below, even assuming she has implicitly preserved such a challenge, it is meritless.

## II

We review a district court's grant of summary judgment *de novo*, construing all evidence and drawing all reasonable inferences in favor of the non-movant. *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016).

Summary judgment is only appropriate where the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)).

### A

The Rehabilitation Act prohibits federal agencies from discriminating in employment against "otherwise qualified individuals with a disability." *Mullins v. Cromwell*, 228 F.3d 1305, 1313 (11th Cir. 2000). Claims under the Rehabilitation Act are governed by the same standards as those brought against private employers under the Americans with Disabilities Act. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

When a plaintiff relies on circumstantial evidence to establish a *prima facie* case of discrimination, courts assess such claims under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Under that framework, the plaintiff has the initial burden to show that (1) she has a disability, (2) she is otherwise qualified for a position, and (3) she was sub-

jected to unlawful discrimination as a result of her disability. *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017).

A person with a disability is "otherwise qualified" if she is able to perform the essential functions of a specific job with or without a reasonable accommodation. *Id.* An individual who, even with a reasonable accommodation, would be unable to perform the functions of the position, is not "otherwise qualified" and thus cannot establish a *prima facie* case of discrimination. *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).

An employer unlawfully discriminates against an otherwise qualified person by failing to provide a reasonable accommodation for the disability, unless doing so would impose an undue hardship on the employer. *Boyle*, 866 F.3d at 1289. The plaintiff bears the burden of identifying an accommodation and showing that it would allow her to perform the essential functions of the position. *Id.* What constitutes a reasonable accommodation depends on the circumstances, but it may include job restructuring and part-time or modified work schedules, among other things. *Frazier-White*, 818 F.3d at 1255 (quoting 42 U.S.C. § 12111(9)). Further, though the Rehabilitation Act does not require an employer to create a new position for an employee with a disability, it may obligate them to reassign the employee to an existing, vacant position if the employee is otherwise qualified for that position. *Boyle*, 866 F.3d at 1289. But an employer is not obligated to promote an employee or remove another employee from their position in order to accommodate an employee's disability. *Id.*

Here, Thatcher failed to make out a *prima facie* case of discrimination under the Rehabilitation Act. A VA fitness for duty

examination concluded that she was not able to perform many of the functional requirements of her position, and she conceded as much in a deposition. Therefore, she was not "otherwise qualified" for her current position. She claimed, however, that she would have been qualified to work as an advanced registered nurse practitioner ("ARNP") in the VA's sleep clinic, and that reassignment to this position would have been a reasonable accommodation. But she conceded that she did not know if an open ARNP position existed at the time, and she later learned that the only open position was for a doctor. She also testified that a position as the chief of nurse practitioners would have been an appropriate accommodation for which she was qualified but conceded that this would have been a promotion. Thus, the VA's evidence showed—and she conceded—that she was not "otherwise qualified" for her current position and was unable to identify an available position for which she was qualified and to which reassignment would have been a reasonable accommodation. Because Thatcher failed to meet her burden to show that she was otherwise qualified and that a reasonable accommodation existed, the district court did not err in granting summary judgment on her refusal to accommodate claim.

### B

In some circumstances, an employer may be required to engage in an "informal, interactive process" to identify a suitable accommodation for an employee with a disability. *Frazier-White*, 818 F.3d at 1257 (quoting 29 C.F.R. § 1630.2(o)(3)). However, we have held that where the plaintiff fails to identify a reasonable accommodation, an employer's failure to engage in this process is not actionable. *See id.* at 1257-58.

Here, the district court found that Thatcher's "interactive process" claim failed because such a claim cannot be independently maintained absent a plaintiff's identification of a reasonable accommodation. Because Thatcher failed to identify a reasonable accommodation as described above, the court did not err in granting summary judgment to the VA on this issue. *See Frazier-White*, 818 F.3d at 1257-58.

## C

The Rehabilitation Act also prohibits an employer from retaliating against individuals for initiating or participating in activity protected by the Act. 42 U.S.C. § 12203(a); *see also* 29 U.S.C. § 791(f) (incorporating the anti-retaliation provision of the Americans with Disabilities Acts into the Rehabilitation Act). Claims of retaliation based on circumstantial evidence can be analyzed under the *McDonnell Douglas* framework. *Wright v. Southland Corp.*, 187 F.3d 1287, 1305 (11th Cir. 1999). Thus, to make out a *prima facie* case, Thatcher bore the burden of showing that (1) she engaged in activity protected under the Rehabilitation Act, (2) she suffered an adverse action, and (3) the adverse action and the protected activity were "causally connected." *Garrett v. Univ. of Ala. at Birmingham Bd. of Tr.*, 507 F.3d 1306, 1315-16 (11th Cir. 2007). For an action to be adverse, it must result in "some tangible, negative effect" on employment. *Lucas v. W.W. Grainger*, 257 F.3d 1249, 1261 (11th Cir. 2001). For an action and protected activity to be causally connected, a plaintiff must show that retaliation for protected activity was the "but-for" cause of an adverse action. *Frazier-White*, 818 F.3d at 1258.

If the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to produce evidence of a non-retaliatory

reason for the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). After that, the plaintiff bears the burden of showing that the proffered reason is pretextual. *Id.* To clear this final hurdle, the plaintiff must offer evidence sufficient for a reasonable jury to conclude both that (1) the defendant's proffered reason was false and (2) discrimination was the real reason for the adverse action. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006). If the reason is "one that might motivate a reasonable employer," a plaintiff cannot establish pretext simply by questioning the wisdom of the proffered reason. *Id.* (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1339 (11th Cir. 2000)).

Thatcher identified five actions that she alleged constituted retaliation. The first two of these actions occurred on August 16, 2013 and August 20, 2013, respectively. However, her first protected activity—her first attempt to request a reasonable accommodation—did not occur until August 26, 2013. Thus, it could not have caused the prior actions.

A third alleged act of retaliation—that the VA official asked a fellow VA employee to write a negative report of contact ("ROC") about her—was not adverse. After the VA official made this request, the fellow VA employee did not write a negative ROC about Thatcher but instead wrote an ROC reporting the request to the VA and alleging that the VA official had a personal vendetta against Thatcher. Even assuming a negative ROC written by someone who was not Thatcher's supervisor would have constituted an adverse action, Thatcher's evidence showed at most only an unsuccessful attempt to produce this outcome. Because there was no tangible, negative effect on her employment

that resulted from the VA official's request, the action was not adverse.

The two remaining acts of alleged retaliation—the VA official's failure to return Thatcher to Bay Pines after the fact-finding investigation and ordering her to undergo a fitness for duty examination—occurred after Thatcher's protected activity, but she did not show that they were causally connected to it. With respect to the first act, Thatcher stated that back surgery had "put [her] in a weakened state" and that this new weakness provided the VA official and those with whom he had conspired an opportunity to push her out of her position. But this is mere speculation, not based on personal knowledge, and is insufficient to create a genuine issue of fact. *Cordoba*, 419 F.3d at 1181. Likewise, with respect to the second act, Thatcher offered only speculation as to the motivation for ordering her to undergo a fitness for duty examination.

Regardless of whether Thatcher's evidence established a *prima facie* case of retaliation for the remaining acts, the VA offered legitimate, non-retaliatory reasons to support both actions. As to the decision not to return her to Bay Pines, the VA official testified that she "wouldn't be able to come back until Human Resources formulated a disciplinary action" in response to the fact-finding investigation. The VA official also testified that Human Resources delayed taking any action because Thatcher's request for disability retirement was pending. In opposition to summary judgment, Thatcher argued that the VA's reasons for keeping her at Largo "lack[ed] credibility." But she provided no evidence to indicate that those reasons were false or that retaliation was the true reason, as was her burden. *See Brooks*, 446 F.3d at 1163.

Similarly, as to Thatcher's claim that the fitness for duty examination was retaliatory, the VA argued below that it ordered the examination in response to the fact-finding investigation's conclusion that she had engaged in misconduct in multiple ways. Thatcher presented no evidence indicating that the conclusions of the fact-finding report were not the true reason that a fitness for duty examination was ordered. Thatcher, therefore, failed to meet her burden on her retaliation claims as well.

## III

In sum, even if we assume, *arguendo*, that Thatcher has implicitly preserved a challenge to the district court's grant of summary judgment, we conclude that she failed to submit evidence giving rise to a genuine issue of fact as to any of her three claims under the Rehabilitation Act. Thus, the district court did not err in granting summary judgment to the VA, and we affirm.

**AFFIRMED.**